UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61019-CIV-DIMITROULEAS

LOUIS POULSEN LIGHTING & CO. A/S,
a foreign limited liability company, and
LOUIS POULSEN LIGHTING, INC.,
a Florida corporation,                                             Magistrate Rosenbaum

      Plaintiffs,

vs.

SPERO ELECTRIC CORPORATION, an
Ohio corporation, and PROSPETTO LIGHT,
an Ohio corporation,

      Defendants.
_____/

## ORDER GRANTING IN PART MOTION TO FILE UNDER SEAL

THIS CAUSE is before the Court upon Plaintiffs' Motion to File Under Seal, filed herein on July 8, 2008. [DE-38]. The Court has carefully considered the Motion, the selected documents, the parties' Stipulated Protective Order [DE-26], and is otherwise fully advised in the premises.

In the instant Motion, Plaintiffs seek to file portions of their Motion for Summary Judgment [DE-34], Statement of Material Facts [DE-35], and Exhibits to the Declaration of Ajit J. Vaidya [DE-36] under seal. In support, Plaintiffs point to the parties' Stipulated Protective Order, which indicates that documents deemed "Confidential" or "Highly Confidential/Attorneys' Eyes Only" shall be filed under seal. However, on the face of the documents, the Court does not find just cause to seal these documents, other than perhaps the sales figures in Exhibit J to the Affidavit, from the public record. See Brown v. Advantage Eng'g Inc., 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for

resolution, it is no longer solely the parties' case, but also the public's case. Absent a showing of extraordinary circumstances . . . , the court file must remain accessible to the public.").

The Court issued an Order on July 8, 2008 [DE-41] requiring the parties to show cause on or before July 15, 2008 why these documents should be sealed. In Response, Plaintiffs stated that they sought to file the documents under seal only as Defendants had designated them "Highly Confidential/Attorneys' Eyes Only" per the parties' Protective Order. [DE-43]. Defendant Spero Electric responded that it agrees there is not just cause to seal the documents, other than the sales figures included within Exhibit J to the Declaration of Ajit Validya, which it argues should not be disclosed to the public and other competitors. [DE-36].

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiffs' Motion to File Under Seal [DE-38] is hereby **GRANTED IN PART**.

2) Only Exhibit J to the Declaration of Ajit J. Vaidya [DE-36] shall be filed under seal. The remaining documents referenced in the Motion to Seal–Plaintiffs' Motion for Summary Judgment and Incorporated Memorandum of Law [DE-34], Plaintiffs' Statement of Material Facts [DE-35], and Exhibits O, P, and Q of the Declaration of Ajit J. Vaidya–shall all be filed on the public record in their entirety.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of July, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

2

Copies furnished to:

Marlene K. Silverman, Esq.

Ajit J. Vaidya, Esq.

David J. Kenealy, Esq.

Anna J. Kurian, Esq.

Wayne H. Schwartz, Esq.