UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61019-CIV-DIMITROULEAS/ROSENBAUM

LOUIS POULSEN LIGHTING & CO A/S )
a foreign limited liability company, and )
LOUIS POULSEN LIGHTING INC. )
a Florida corporation, )
)
       Plaintiffs, )
)
       v. )
)
SPERO ELECTRIC CORPORATION )
an Ohio corporation, and PROSPETTO LIGHT, )
an Ohio Corporation )
)
       Defendants. )

## STIPULATION AND CONSENT JUDGMENT

Plaintiffs Louis Poulsen Lighting & CO A/S and Louis Poulsen Lighting Inc. (collectively "Louis Poulsen") and Defendant Spero Electric Corporation ("Defendant") 1/ do hereby stipulate to entry of a consent judgment on the terms set forth below:

**I.   STIPULATION AND CONSENT TO JUDGMENT**

      A.    This case arises under the Lanham Act of 1946, as amended, 15 U.S.C. §§ 1051 et seq. and Florida statutory and common law. This Court has jurisdiction over the claims arising under the Lanham Act under 15 U.S.C. § 1121 and 28 U.S.C. § 1331, and has jurisdiction over the Florida statutory and common law claims which are joined with substantial and related

---

1/    Spero Electric Corporation has a contemporary line of lighting products offered under the tradename Prospetto Light. The use of the tradename is made pursuant to the authority of the Ohio Secretary of State and a record from the Ohio Secretary of State bearing document number 2006 1990 2306 effective July 14, 2006 confirms the same. As such, although the above-captioned case names Prospetto Light as a Defendant, Prospetto Light is not a separate entity.

claims brought under the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq. and under 28 U.S.C. § 1338.

B.  Louis Poulsen filed its Complaint on July 20, 2007 against Defendant.

C.  Louis Poulsen has exclusively offered the PH Artichoke lighting fixture depicted in Exhibit A featuring the distinctive design and trade dress in the United States ("PH Artichoke Trade Dress") and is the owner of U.S. Trademark Registration No. 2,927,453, for the three-dimensional design of a lighting fixture resembling an artichoke ("PH Artichoke Trademark") (The PH Artichoke Trademark and PH Artichoke Trade Dress are collectively referred to herein as the "PH Artichoke Marks"). Attached as Exhibit B is a copy of U.S. Trademark Registration No. 2,927,453.

D.  In its Complaint, Louis Poulsen alleged trademark infringement, unfair competition and trademark dilution in violation of the Lanham Act, as well as various other violations under Florida law arising out of Defendant's alleged infringement of the PH Artichoke Marks. Specifically, Louis Poulsen alleges that Defendant's "Cosmo" light features a trade dress which is confusingly similar to Louis Poulsen's PH Artichoke Marks and that use of the PH Artichoke Marks constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. 1114, unfair competition in violation of Section 43(a) of the Lanham Act, trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), federal dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and violations of related state laws.

E.  Since at least as early as 1987, Louis Poulsen has continuously and exclusively offered the PH Artichoke lighting fixture featuring the PH Artichoke Marks in interstate commerce.

F.  The PH Artichoke fixture has been the source of significant commercial success and recognition for Louis Poulsen and through such continued use, sale, advertising and promotion, the PH Artichoke Trade Dress has acquired distinctiveness.

G.  Defendant sells a lighting fixture under its Prospetto line referred to as the "Cosmo" light.

H.  The PH Artichoke lighting fixture and the Cosmo light are identical goods, namely, they are both lighting fixtures.

I.  The Cosmo light bears a trade dress which is confusingly similar and nearly identical to the PH Artichoke Marks.

J.  The PH Artichoke lighting fixture and the Cosmo light are marketed, promoted and advertised using similar media, including through websites, catalogs and through agents and showrooms.

K.  The Cosmo light and the PH Artichoke lighting fixture are sold in similar channels of trade. Both, the Cosmo light and the PH Artichoke lighting fixture are sold through various regional agents and/or distributors and showrooms.

L.  Defendant acknowledges, without admitting each of the substantive allegations in the Complaint, that Louis Poulsen's exclusive rights in and the validity and enforceability of the PH Artichoke Marks in the United States and in various other countries throughout the world in which Louis Poulsen offers the PH Artichoke lighting fixture.

M.  The parties prefer to avoid the cost, time and expense of proceeding with this case and desire to fully and finally resolve all claims that the parties have, had or may have had that were or could have been raised or asserted by one or more of the parties with regard to this case,

and accordingly have stipulated to the entry of this Consent Judgment, including Permanent Injunction.

## II. INJUNCTIVE RELIEF

Accordingly, the Court, pursuant to the stipulation of the parties, hereby ORDERS, ADJUDICATES and DECREES that final judgment, including a permanent injunction, shall be and hereby is entered on the complaint in the above-captioned action as follows:

  A. <u>Permanent Injunction.</u> Defendant, together with all of its officers, agents, servants, employees, representatives, attorneys and assigns, and all other persons, firms or companies in active concert or participation with it are permanently enjoined and restrained from engaging in any of the following activities in the United States and throughout the world both directly or indirectly:

  1. Using, displaying, advertising and/or promoting the PH Artichoke Marks or any confusingly similar trademarks or trade dress in connection with lighting fixtures.

  2. Making, having made, importing, selling, offering to sell, exporting, distributing, packaging, advertising or promoting any Cosmo lights or any lighting products or fixtures which feature the PH Artichoke Marks and/or any other marks or trade dress which are confusingly similar to the foregoing;

  3. Performing or allowing any act or thing within the control of Defendant that is calculated or likely to cause confusion or mistake in the minds of members of the public or the trade or prospective purchasers or consumers as to the source of Defendant's goods and/or services, or likely to deceive members of the public or prospective purchasers or consumers of Defendant's goods and/or services into

believing that there is some association, connection or affiliation with and/or sponsorship or approval by Louis Poulsen;

4.  Performing or allowing any act or thing within the control of Defendant that is likely to dilute the distinctive quality of the PH Artichoke Marks or otherwise injure Louis Poulsen's business reputation or goodwill;

5.  Engaging in acts of federal, state or common law trademark or trade dress infringement, dilution or unfair competition that would damage or injure Louis Poulsen and/or the PH Artichoke Marks;

6.  Registering, assigning or transferring or purporting or attempting to register, assign or transfer the PH Artichoke Marks or any confusingly similar trademarks or trade dress; and

7.  Assisting, aiding or abetting any person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (1) through (6).

B.  Destruction of Materials. Within ten (10) days of the date of last signature of the parties to this Stipulation, Defendant, pursuant to 15 U.S.C. § 1118, is ordered to destroy or deliver up for destruction all lighting fixtures and all goods, labels, signs, prints, packages, wrappers, receptacles, containers, product guides, advertisement, and other materials that are within the possession of Defendant and within the scope of Sections A(1) through A(7) of this Injunction. The foregoing is subject to the terms and conditions of the parties' confidential Settlement Agreement.

CASE NO. 07-61019-CIV-DIMITROULEAS/ROSENBAUM

C. <u>Violation of Consent Judgment.</u> In the event that Defendant violates any term of this Consent Judgment and Permanent Injunction, Louis Poulsen shall be entitled to injunctive relief, damages and profits, and Defendant shall pay Louis Poulsen's attorney's fees and costs incurred as a result of such violation, including investigative costs incurred in discovery of such violation. Furthermore, in the event Defendant is found to be in violation of the Consent Judgment, Louis Poulsen shall be entitled to damages of twenty-thousand dollars ($20,000) per infringing product sold by Defendant.

D. <u>No Appeals and Continuing Jurisdiction.</u> No appeals shall be taken from this Judgment, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Judgment, including the within Permanent Injunction, by either party.

E. <u>No Fees or Costs.</u> The parties shall bear they own fees and costs for this action.

*The Clerk shall close this case.*

IT IS SO ORDERED, ADJUDICATED AND DECREED.

Dated: Sept. 19, 2008

Hon. William P. Dimitrouleas

CASE NO. 07-61019-CIV-DIMITROULEAS/ROSENBAUM

IT IS SO STIPULATED.

Dated: _____, 2008          LOUIS POULSEN LIGHTING & CO A/S

                                 By_____< see attached >_____

                                 Its_____

Dated: _____, 2008          LOUIS POULSEN LIGHTING INC.

                                 By_____< see attached >_____

                                 Its_____

Dated: Sept 10, 2008             SPERQ ELECTRIC CORPORATION

                                 By__William Zew__

                                 Its__President__

CASE NO. 07-61019-CIV-DIMITROULEAS/ROSENBAUM

APPROVED AS TO FORM:

_< see attached >_____    _____/s/ Wayne Schwartz_____

Ajit J. Vaidya, Esquire  
Cermak Kenealy & Vaidya LLP  
2116 12th Street, N.W.  
Washington, DC 20009  
Telephone: 202.250.5061  
Facsimile: 202.250.5062  
avaidya@ckvlaw.com

Wayne Schwartz, Esquire  
Lee & Amtzis, P.L.  
5550 Glades Road  
Suite 401  
Boca Raton, FL 33431  
schwartz@LEEAMLAW.COM

Anna Kurian Shaw, Esquire  
Hogan & Hartson LLP  
555 Thirteenth Street, N.W.  
Washington, DC 20004

Attorneys for Plaintiffs Louis Poulsen Lighting & CO A/S and Louis Poulsen Lighting Inc.

Attorneys for Defendant Spero Electric Corporation

CASE NO. 07-61019-CIV-DIMITROULEAS/ROSENBAUM

APPROVED AS TO FORM:

*/s/ Ajit J. Vaidya/*
_____

Ajit J. Vaidya, Esquire
Cermak Kenealy & Vaidya LLP
2116 12th Street, N.W.
Washington, DC 20009
Telephone: 202.250.5061
Facsimile: 202.250.5062
avaidya@ckvlaw.com

Anna Kurian Shaw, Esquire
Hogan & Hartson LLP
555 Thirteenth Street, N.W.
Washington, DC 20004

Attorneys for Plaintiffs Louis Poulsen Lighting & CO A/S and Louis Poulsen Lighting Inc.

_____

Wayne Schwartz, Esquire
Lee & Amtzis, P.L.
5550 Glades Road
Suite 401
Boca Raton, FL 33431
schwartz@LEEAMLAW.COM

Attorneys for Defendant Spero Electric Corporation

CASE NO. 07-61019-CIV-DIMITROULEAS/ROSENBAUM

IT IS SO STIPULATED.

Dated: 9-15, 2008            LOUIS POULSEN LIGHTING & CO A/S

                             By _____

                             Its _____

Dated: 9-15, 2008            LOUIS POULSEN LIGHTING INC.

                             By _____

                             Its PRESIDENT & CEO

Dated: _____, 2008          SPERO ELECTRIC CORPORATION

                             By _____

                             Its _____

7